If we consider this case on the words of the will, it will not be disputed that the testator’s daughter, Anne, took only an estate for life; because, 1st, the devise to her, is during ¿he full term of her natural life, in express words. 2d. After her death it was to descend to her first son, and if she died without such male heir, to her daughter Martha, both of whom were to take as purchasers ; for it was very improbable that either of them would be her heir. If she had more sons than one, they would all have been entitled as heirs ; or if she had no son, and more daughters than one, they would have been joint heirs and Martha was not to take in exclusion of any son but the first. So that an express estate for life, was devised to Anne, and no remainder or other estate to her heirs.
Then the remainder to the first son, unborn, was a contingent remainder in fee, (1 Fearne. 6, 7,) and the remainder to the first son, unborn, being contingent and in fee, the limitation to Martha, the lessor of the Plaintiff, on failure of that remainder, was, at its creation, a concurrent, contingent remainder, and would take effect as such, if the remainder to the first son never took effect. — (Idem. 289, 264. 1 Salk. 224. 1 P. Wms. 505.) And it is concluded that the remainder to the first son never took effect, as the contingency on whic h lie was to take never happened ; for that contingency was not, solely, his being born, but his being born and being alive until after the death of his mother, Anne, so as to be her male heir.
In supporting this position it may be proper to take into view the case of Doe v. Perryn, (3 Term. 484,) and *191 shew how different that case was from this. In Doe v. Perryn, the expression was, remainder to all and every, the children, &c. without using any expression indicative of the testator’s intention, as to when the remainder should vest, but leaving the time of its vesting solely to the rule of law, which, of course, vested it as soon as a child was born and capable of taking. The expression in the case before ns is, and at her decease to descend to the first male child. This seems strongly to point out that it was the testator’s intention, that no interest whatever should vest in that child, ’till the death of its mother, tenant for life. It seems to be equivalent to saying, “ if she have a son, and that first born son survive her, then the land shall descend to, or vest in that son.” That this was the understanding and intention of the testator, is quite clear, from the expression that immediately follows ; for the testator having in his mind the contingency on which the first born son was to take, adds, “but if my said daughter die without such male heir of her body, &c.” This clearly shews, that the contingency on which, according to the testator’s understanding and intention, the remainder was to vest, either in the first born son, or in Martha, was that of the first son being not only born, but living at the death of his mother, when, and not before, he would be her heir; for JYemo est Eceres Viventis. It is admitted the technical meaning of the word heir, may be controlled or restrained by the context, or evidence, perhaps. But here, there is no context or evidence to ascertain it.
If the contingency, on which the remainder to the first born son was to vest, never happened, then the limitation over, to the lessors of the Plaintiff, is clearly good as a concurrent or cotemporary, contingent remainder, (the fee descending to the heir at law of tiie devisor, in the mean time,) and the Plaintiff is entitled to recover.
Another view may be taken of the subject. The rule, that limitations of this kind are never construed to be *192 executory clevises, but where they cannot take effect as remainders, is not disputed, and therefore, it is admitted that the limitation over to Martha, the lessor of the plaintiff, was, in its creation, a concurrent, contingent remainder in fee, and continued to be so, as long as the remainder to the first born son continued contingent. But if the remainder to the first born son vested in him. at his birth, then, as the limitation to Martha could no longer take effect as a contingent remainder, it was, by the son’s birth, converted into an executory devise, and valid as such, being to take place, if at all, on the termination of a life in being, viz. at theideath of the mother, Anne ; and the event on which it was to take place having happened, viz. the mother, Anne, having died without such heir male of her body.
That such a limitation may, for the purpose of effectuating the intention of the testator, change its nature, is fully proved by the case of Hopkins v. Hopkins, (cases Temp. Talbot, 44,) where a limitation of this nature was held to have been at its creation, a good contingent remainder, but by a subsequent event, it had become void as a contingent remainder; it had changed its nature and become good as an executory devise; and a large estate is held under that decree.
In Brownsword v. Edwards, (2 Ves. 243,) it was held by Lord Hardwicke that a limitation of this kind would take effect either as a remainder or an executory devise, according to the happening or not happening of a subsequent event, viz. the vesting of a preceding limitation to John Brownsword. The same point is adjudged after much argument and deliberation in the case of Fonereau v. Fonereau, (Doug. 486.)
Then on what event was the executory devise to take effect ? The lands in dispute are devised to the mother for life, contingent remainder in fee to the, first male child lawfully begotten on her body; then to Martha the lessor of the Plaintiff and her heirs. The word such (which *193 cannot be rejected) restrains and qualifies the general meaning of the term male heirs of her body, and coniines it to the first male child,, lawfully begotten on her body ; and as it must of necessity be known at her death whether or not she 'would have an heir answering that description, the devise over on the contingency of her having none, is not top remote. Here, again, it may be proper to remark a materia) difference between the case of Doe v. Perryn, and this case. In Doe v. Perryn, the expression was, and for default of such issue, which the Court with evident propriety held to mean for default of children, the term made use of in the preceding devise and to which the word such referred5 and as a child was born, the estate could not go over, because there was not a default of children. But in the present case, the expression is, if my said daughter die without 'such male heir of her body ; and although a son was born, yet as he died before her, she died without such male heir | and therefore the devise over to Martha the lessor of the Plaintiff, must take effect. In the case of Doe v. Perryn, Duller, Justice, says “children and issue, in their natural sense, have the same meaning ; but not so the word heirs.” A child the instant it is born, is issue; but it is not an heir till its ancestor’s death.
There seems to be no difference between limitations over of personal and of real property ; if the intention of the testator can be ascertained from the words, it will govern in botli cases, (3 T. R. 143—7 T. R. 589.) It may be said that the first born son might have had children, who might have survived the tenant for life, although he died before her, and that it cannot be supposed he meant to disinherit them. This remark hath deservedly had weight where the construction was doubtful, and the contest was between grand children of the testator, and strangers or remote relations. But here the construction is clear, and the dispute is between a grand-daughter, for whom the testator manifests a *194 strong partiality, and supposed great grand Children, whose father even, the testator could never see. That a grand-son should he born, live to have children, and .¡.¡u,a die ’before his mother, his children surviving both him and her, is certainly a Very remote possibility, and one that did not enter into the contemplation of the testator ; and we are not at liberty to conjecture what he would have done, if it. had; for that would he to make a will for him, and not interpret the one he has made. But if we. were at liberty, we might well conjecture, he would not have let it interfere with the provision he was making for his favourite grand child. The true construction of the will is, to the testator’s daughter Anne, for life, contingent remainder in fee to her first born son, with a limitation over to Martha, the lessor of the Plaintiff, which hath taken effect as a concurrent contingent remainder, if the contingent remainder never to the son vested, lie dying before ¡¡is mother; or if that remainder vested in the son at his birth, then the limitation to Martha hath taken effect as an executory devise, the event on which it was to take effect, not being too remote and having happened.
But the Court gave judgment for the Defendant, on the ground that on the birth of the first male child, the estate vested in him ; by which means the limitation to Martha was defeated; that this was the clear intention of the testator, otherwise, if the first male child had left children, they would have been unprovided for; that the law always leans in favour of the vesting of estates ; and in limitations, like the present, they have said the vesting shau take place on the birth of a child, without waiting for the death of a parent.